IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| THI of South Carolina at Columbia, LLC, doing business as Magnolia Manor of Columbia, | ) ) ) ) | C/A No. 3:11-888-CMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION** |
| Deborah J. Wiggins, as Personal Representative of the Estate of Earl Hall, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on motion of Defendant, Deborah J. Wiggins ("Wiggins"), to reconsider the order which granted Plaintiff's motion to compel arbitration and found Wiggins' cross-motion for judgment on the pleadings moot. For the reasons set forth below, the motion for reconsideration is denied.

**Grounds Argued.** Wiggins raises two specific grounds for reconsideration. First, she argues that the court relied on a facially invalid affidavit. Second, she argues that the court's injunction against "prosecuting her dispute with [Plaintiff, THI of South Carolina at Columbia, LLC ("THI")] in anything other than an arbitral forum" is improper because the nature of the dispute is a motion to amend a state court judgment. In addition, she includes a generic ground for reconsideration on "[s]uch other grounds [as] are supported by the common and statutory law of the United States and the State of South Carolina." Dkt. No. 44.

**Applicable Rule.** The caption of Wiggins' motion suggests she seeks relief under both Rules 59 and 60 of the Federal Rules of Civil Procedure. Neither rule (or its applicable standard)

1

is, however, mentioned in the body of Wiggins' motion. Thus, it is unclear under which rule Wiggins proceeds. The timing of the motion (filed within 28 days of judgment) and the grounds argued, however, suggest that Wiggins is proceeding under Rule 59(e).[1]

**Standard.** Rule 59(e) allows the court to alter or amend a judgment "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A motion to alter or amend a judgment "is an extraordinary remedy which should be used sparingly." *Id.* at 402 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 at 124 (2d ed. 1995)).

### DISCUSSION

Wiggins does not suggest either a change in the law or the existence of newly discovered evidence not available prior to entry of the order. The court, therefore, assumes that she seeks reconsideration to correct a clear error of law or prevent manifest injustice. For reasons explained below, Wiggins' arguments do not support reconsideration on either ground.

---

[1] There is no suggestion of any error or ground for relief covered by either subpart of Fed. R. Civ. P. 60. *See* Fed. R. Civ. P. 60(a) (allowing for correction of clerical mistakes, oversights or omissions); Fed. R. Civ. P. 60(b) (allowing for relief in the event of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence, fraud, misrepresentation, or misconduct by the opposing party, a void judgment, a satisfied judgment or "any other reason that justifies relief.").

2

**Reliance on Affidavit.** In her first argument, Wiggins asserts that the court relied extensively on the Harry Grunstein affidavit "in reaching its conclusion that THI may enforce a contract to which it is not a party." Dkt. No. 44-1.[2] Wiggins argues that this affidavit "has no evidentiary value whatsoever," primarily because Grunstein "is not an officer or director or agent of Magnolia Manor and does not claim to be." Dkt. No. 44-1 at 2 (emphasis in original). She also notes that the affidavit "was not even submitted in support of the motion to Compel Arbitration" but was submitted "in opposition to Defendant Wiggins's Motion for Judgment on the Pleadings."

Neither argument is well taken. First, Wiggins' motion for judgment on the pleadings and THI's motion to compel arbitration were, effectively, cross-motions. As Wiggins explained in her single-paragraph motion for judgment on the pleadings, which was filed contemporaneously with her response to THI's motion to compel: "No memorandum of law is attached as [Wiggins] certifies, pursuant to Local Rule 7.04, that a full explanation of the basis for this motion has already been set forth in [Wiggins'] Memorandum in Opposition to Plaintiff's Motion to Compel Arbitration and Stay State-Court Proceedings." Dkt. No. 28. Thus, the court properly considered all arguments and all documents filed in support of or opposition to either motion in ruling on THI's motion to compel and in finding Wiggins' cross-motion for judgment moot in light of the ruling on THI's motion.

Despite the clear interrelationship of the motions, Wiggins failed to raise any challenge to the Grunstein affidavit (Dkt. No. 34-5) in her subsequent filings, most critically her reply in support

---

[2] Contrary to the inference in this argument, the court did not hold that THI could enforce the contract *despite not being a party* to it. As explained in the prior order, "THI" was not expressly referenced in the admission contract but "was the only *legal entity* which could have been bound to perform the obligations of the identified facility[,]" was also the entity which did perform, and was identified in three addenda to the admissions contract executed on the same date. Dkt. No. 42 at 13. Thus, while the admissions contract may have failed to expressly identify THI as the contracting party, it did, in fact, hold that status and, consequently, was entitled to enforce its terms.

of her motion for judgment on the pleadings. *See* Dkt. No. 36.[3] Nowhere in this eleven-page document does Wiggins mention the Grunstein affidavit, address the facts related therein, or suggest a need for discovery on the relevant subject matter.

In short, Wiggins now seeks to raise an argument she could have raised prior to entry of the opinion and order of which she now seeks reconsideration. This is not a proper basis for a motion under Rule 59(e). *See Becker*, 305 F.3d at 290; *Pac. Ins. Co.*, 148 F.3d at 403.

**Denial of Any Remedy.** Wiggins' suggestion that the court has denied her any remedy is also misplaced. In her motion, Wiggins assets that the court erred in enjoining her from "prosecuting her dispute with THI in anything other than an arbitral forum" because the nature of the dispute is a motion to amend a state court judgment. Dkt. No. 44 at 1. In her supporting memorandum, she expands on this argument as follows:

> The only question is whether the [state court] judgment [entered against Magnolia Manor- Columbia, Inc.] can be altered to substitute a new Defendant. That is relief an arbitrator cannot grant because an arbitrator cannot alter or amend a court judgment. The Court's ruling has entirely prevented Defendant Wiggins from any kind of judicial relief because the relief she seeks cannot be obtained in the forum this Court has condemned her to.

Dkt. No. 44-1 at 3.

Wiggins is correct that an arbitrator cannot alter or amend a state court judgment. That does not, however, mean that an arbitrator could not, under appropriate circumstances, impose relief on the party in arbitration which corresponded with the amount of the state-court judgment. Even if such relief were not possible, the court would find Wiggins' argument to be without merit because the court's ruling does not deny Wiggins *any* form of relief. It merely denies her *preferred* form of

---

[3] The second of these was a response to a court order and, consequently, limited in subject matter.

relief: extension of a default judgment obtained against one party (the entity named in the complaint) to cover another entity which was not, but perhaps should have been, named in the complaint.

To the extent there is any "unfairness" in the result reached by this court, it is the result of a choice between two less-than-fully-satisfactory options. The court must either deprive THI of the benefit of the contractual arbitration provision, or it must "deprive" Wiggins of the opportunity to collect a judgment obtained against an incorrectly named state-court defendant from an entity she believes might otherwise be held liable for the judgment. Between those choices, the better result is to leave the party which was the author of the difficulty (Wiggins) with the natural result of her earlier choices.

If this leaves Wiggins with no remedy at all, it is not because of the court's ruling. Rather, it would be because her state-court default judgment is not collectable against the defendant named in that action *and* because her arbitration claim against THI is barred for some other reason. If Wiggins faces the latter difficulty, it is the result of her own actions and decisions, not because this court has enforced an otherwise binding arbitration provision. If her arbitration claim is not barred, then all she has lost is the benefit of winning by default against an entity which was not named in the underlying action.

**Other Unspecified Grounds.** Although Wiggins lists a third, generic, basis for relief in her motion, she includes no corresponding argument in her memorandum. The third ground is, therefore, manifestly without merit.

## CONCLUSION

For the reasons set forth above, Wiggins' motion to reconsider is denied.

IT IS SO ORDERED.

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 30, 2011